# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ROSWELL, NEW MEXICO

NOV 29 2023

MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 23-MR-2196
Black Samsung (Subject Telephone) )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
A black Samsung Cellular Phone, more fully described in Attachment A, which is attached hereto and fully incorporated herein by reference.

located in the _____ District of _____New Mexico_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached hereto and fully incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 and 846 | Possession with intent to distribute a controlled substance and conspiracy |

The application is based on these facts:
See Affidavit in Attachment C, attached hereto and fully incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Derek S. Mohrhauser, HSI Sepcial Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___electronic submission and telephonic swearing___ *(specify reliable electronic means)*.

Date: 11/29/23

_____
Judge's signature

City and state: Roswell, New Mexico        Barbara S. Evans, United States Magistrate Judge
Printed name and title

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Derek S. Mohrhauser, being first duly sworn, hereby depose and state as follows:

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI) assigned to the Resident Agent in Charge Office, Roswell, New Mexico. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority and charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 8, Title 18, and Title 21 of the United States Code. I have conducted investigations related to Title 21 since July 2018. During my fifteen-year law enforcement career, I have received specialized training about drug trafficking and have been personally involved in multiple drug smuggling and trafficking investigations. I have participated in various aspects of human smuggling, drug trafficking, and firearms investigations including physical surveillance, execution of search and arrest warrants, undercover operations/recordings, witness interviews, electronic monitoring, the use of confidential informants, and the analysis of phones and records.

2. Prior to being employed as a Special Agent with HSI, I was employed as a U.S. Border Patrol Agent from June 12, 2008, to September 17, 2018. I performed a wide range of customs enforcement duties, such as controlled substance seizures and immigration investigations.

3.  I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

4.  Through my training and experience, I know that narcotics traffickers often maintain one or more cellular or smart phones which they utilize to further narcotics trafficking activities. Narcotics traffickers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their suppliers, distributors, and other co-conspirators. I know, based upon my training and experience, that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the importation, storage, transportation, and distribution of narcotics, as well as the subsequent laundering of the proceeds of these illegal activities.

5.  I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory

capacity of the SIM card. Accordingly, information pertaining to drug trafficking activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

6. I further know from my training and experience that a cache of information concerning drug trafficking activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat. I know that the identities, telephone numbers, and usernames of other participants involved in narcotics trafficking activity are often maintained in contact lists on these devices, including in third-party social media and other applications. In my experience, narcotics traffickers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including narcotics, currency, and firearms. Narcotics traffickers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged narcotics related activities or travel, as well as establishing identity of the user of the device based on the locations frequented. In addition, narcotics traffickers can also use these devices to store information related to the financial transactions related to narcotics trafficking, such as drug ledgers and financial accounts and transactions. In my experience, the devices used by narcotics traffickers often contain evidence relating to their narcotics trafficking activities including, but not limited to, contact lists, lists of recent call activity, messages, voicemails, photographs and video recordings, GPS and location information, and financial accounts and records.

## **PROBABLE CAUSE**

7.   The following information is based upon my personal knowledge as well as information provided by other federal, state, or local officers and is presented as probable cause to search a Black Samsung IMEI 353249624102253, and any SIM card or other storage media contained therein (Subject Telephone). Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search the Subject Telephone for evidence of violations of 21 U.S.C. §§ 841 and 846.

8.   On November 22, 2023, HSI RAC Roswell Special Agent (SA) Derek Mohrhauser responded to a request for assistance from New Mexico State Police (NMSP) in Carrizozo, NM. NMSP advised that they had seized a significant amount of suspected cocaine and had a male subject in custody.

9.   SA Mohrhauser met with NMSP Officer Leo Palomares, and Officer Palomares stated that he was working his regular shift and in his fully marked NMSP police vehicle equipped with lights and sirens when he observed a blue Dodge Ram, bearing Chihuahua license plates DJ-9514-B driving recklessly and following a semi-truck too closely in violation of New Mexico State law. Officer Palomares activated his emergency equipment and conducted a vehicle stop of the blue Dodge Ram.

10.   Once the blue dodge ram stopped, Officer Palomares made contact with the driver and sole occupant of the vehicle, identified as Pablo Antonio Rodriguez-Mendoza (Rodriguez-Mendoza). Officer Palomares identified himself and advised Rodriguez of the reason for the

vehicle stop. Rodriguez-Mendoza stated he was a citizen of Mexico and was enroute to Clovis, NM to pick up his sister.

11. While issuing a warning notice, Officer Palomares observed that Rodriguez-Mendoza appeared to be nervous and was breathing heavily. After issuing the warning notice, Officer Palomares informed Rodriguez-Mendoza that he was free to go. Officer Palomares then asked Rodriguez-Mendoza if would be willing to speak with him and answer additional questions, to which Rodriguez-Mendoza agreed. Officer Palomares asked Rodriguez-Mendoza if he could provide the address he was going to pick up his sister in Clovis. Rodriguez-Mendoza was unable to provide any address and stated he was utilizing a GPS to locate the location. When asked, Rodriguez-Mendoza showed officer Palomares his phone GPS application. Officer Palomares observed that the current destination in Rodriguez-Mendoza's GPS application indicated he was traveling to Denver, Colorado. Officer Palomares asked for and was granted verbal and written consent from Rodriguez-Mendoza to search his vehicle.

12. During a search of Rodriguez-Mendoza's vehicle, Officer Palomares discovered a non-factory compartment located underneath the Dodge Ram's center console. The non-factory compartment contained ten plastic wrapped packages consistent with methods used to smuggle illegal narcotics.

13. Officer Palomares arrested Rodriguez-Mendoza and secured the ten packages of suspected narcotics and the Subject Telephone. Officer Palomares contacted HSI Special Agent Derek Mohrhauser who responded to the scene of the vehicle stop in Carrizozo.

14. Officer Palomares stated that during the vehicle stop, Rodriguez-Mendoza received numerous telephone calls and messages on the Subject Telephone that went unanswered. In my training and experience I know that drug traffickers often keep in touch with

their co-conspirators via telephone in order to keep tabs on the progress and location of their illicit contraband.

15. Special Agent Derek Mohrhauser responded to the scene and arrested Rodriguez-Mendoza for a violation of 21 U.S.C. § 841, possession with intent to distribute cocaine. Additionally, Special Agent Mohrhauser seized the ten packages of suspected narcotics and the Subject Telephone.

16. HSI Task Force Officer Garrett Dollar tested a representative sample from one of the plastic wrapped packages located in Rodriguez-Mendoza's vehicle utilizing a TruNarc instrument. The test returned with positive results for the presence of cocaine. The cocaine weighed approximately 12.24 kilograms. Based on my training and experience, I know that this quantity of cocaine is consistent with distribution.

17. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephone contains evidence of violations of 21 U.S.C. §§ 841 and 846.

### ELECTRONIC STORAGE & FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Telephone was used, the purpose of its use, who used the Subject Telephone, and

when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Telephone because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might

expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

21.  *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22.  Based on my training, experience, and the above information, there is probable cause to believe that evidence of violations of 21 U.S.C. §§ 841 and 846 are located in the Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for the Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Derek S. Mohrhauser
HSI Special Agent

Electronically submitted and telephonically
sworn to before me on November 29th, 2023:

Barbara S. Evans
United States Magistrate Judge

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as the "Subject Telephone" to include any SIM cards found in or with the Subject Telephone). This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone

The Subject Telephone is a Black Samsung IMEI 353249624102253, which was seized from Pablo Antonio Rodriguez-Mendoza on November 22, 2023, in Carrizozo, New Mexico. The Subject Telephone is currently in the custody of Homeland Security Investigations located in Roswell, New Mexico, and is depicted in the photographs below:



## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 21 U.S.C. §§ 841 and 846, by Pablo Antonio Rodriguez-Mendoza including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of customers, distributors, sources of supply, and other associates of the user of the Subject Telephone;

2. Audio and video calls made to or from the Subject Telephone, along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, the Subject Telephone, along with the date and time each such communication occurred;

4. The content of voice mail messages and audio and video messages stored on the Subject Telephone, along with the date and time each such communication occurred;

5. Photographs or video recordings;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephone;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of the Subject Telephone and stored on the Subject Telephone;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephone, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, Homeland Security Investigations shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.